# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**IRVIN SALTWATER,**

    Petitioner,

v.   No. 16-cv-0549 MCA/SMV

**RICHARD MARTINEZ,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Petition"), filed June 9, 2016. [Doc. 1]. Respondent filed an Answer on July 12, 2016. [Doc. 6]. Petitioner did not reply, and the time for doing so has passed. The Honorable M. Christina Armijo, Chief United States District Judge, referred this matter to me for analysis and recommendation of an ultimate disposition. [Doc. 3]. Having considered the parties' submissions, the record, the relevant law, and being otherwise fully advised in the premises, I respectfully recommend that the Petition [Doc. 1] be denied, and that Petitioner's action be dismissed with prejudice. I further recommend that Petitioner's request for an evidentiary hearing, *id*. at 7, and his request for appointment of counsel, *id*., be denied.

## Background

Petitioner was charged with three counts of first-degree criminal sexual penetration ("CSP") of a child under 13 years of age under NMSA § 30-9-11(D)(1) in Magistrate Court in San Juan County, New Mexico. [Doc. 6-2] at 13. Those counts carried with them the possibility

of up to 18 years imprisonment per count.  NMSA 1978 § 31-18-15(A)(3); *see also* [Doc. 6] at 9 (noting that Petitioner would have faced up to 54 years of imprisonment if he had been found guilty at trial).

As part of a plea agreement, Petitioner was allowed to plead guilty to three counts of second-degree CSP of a child 13−18 years of age under NMSA 1978 § 30-9-11(E)(1), a lesser included offense of the crimes charged in the Complaint.  [Doc. 6] at 9.  The basic sentence for a second-degree felony for a sexual offense against a child is 15 years imprisonment.  NMSA 1978 § 31-18-15(A)(5).  Petitioner was ultimately sentenced to 15 years imprisonment on each count, to run concurrently.  [Doc. 6-1] at 10.  Judgment was entered on January 28, 2015.  *Id*. at 1.  An Amended Judgment was entered on February 12, 2015.[1]  *Id*. at 5.

Petitioner unsuccessfully pursued post-conviction relief in state court.  *See* [Doc. 6-1] at 19–74 *and* [Doc. 6-2] at 1–12.  Respondent has expressly waived the exhaustion requirement under § 2254(b)(3).  [Doc. 6] at 3.  A detailed review of those documents related to his post-conviction proceedings in state court is therefore unnecessary.

Petitioner filed his § 2254 Petition in this Court on June 9, 2016.  [Doc. 1].  He asserts one claim of ineffective assistance of counsel.  *Id*. at 3.  Respondent filed an Answer on July 12, 2016.  [Doc. 6].  Petitioner did not file a Reply.

**Standard for § 2254 Habeas Petitions**

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.  A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued

---

[1] The Judgment was amended to include "(child 13 to 18) (Force or Coercion)" to each count. [Doc. 6-1] at 5−8.

detention.  A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any claim adjudicated on the merits by a state court unless the petitioner's state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result."  *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).  This standard is "highly deferential" to state courts, and the Supreme Court has noted that it is "difficult to meet," as it requires federal courts to give state court decisions the benefit of the doubt.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA,] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

The term "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [those] cases."  *Id*. at 405.  The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*, "diametrically different" and "opposite in character and nature."  *Id*. Therefore, habeas relief under § 2254 may be granted only where the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases," or if it "confronts a set of

3

facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Id*. at 405–06.  Significantly, it is unnecessary for the state court to cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision makes an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court . . . applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–6 (2003) (internal quotation marks and citations omitted).  "Rather, that application must be objectively unreasonable." *Id.* at 76.

Pursuant to AEDPA, state court findings of fact are "presumed to be correct." § 2254(e)(1).  Accordingly, a petitioner challenging a state court decision based on an unreasonable determination of the facts in light of the evidence presented, *see* § 2254(d)(2), must show by clear and convincing evidence that the determination was factually erroneous.  *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

Lastly, where a state court has adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state court.  *Pinholster*, 131 S. Ct. at 1398 (citing § 2254(d)(1)).  That is, evidentiary hearings are not permitted in federal court on claims that the state court decided on their merits.  *Id.* at 1398–99; *Littlejohn v. Trammell*, 704 F.3d 817, 857

4

(10th Cir. 2013). "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted). Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington*, 131 S. Ct. at 784.

### Standard for Ineffective Assistance of Counsel Claims

The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

466 U.S. at 687. Both showings must be made to satisfy the *Strickland* standard. *Id.* The Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697. In applying the two-part *Strickland* test, a court may address the performance and prejudice components in any order. *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the first prong, a defendant must demonstrate that his counsel's performance was deficient. The appropriate standard for attorney performance is that of reasonably effective assistance; the defendant must demonstrate that counsel's representation, considering all the

circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *See Strickland*, 466 U.S. at 687–88. For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). In evaluating an attorney's performance, the Court must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective" is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F. 3d 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id*. (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

In order to satisfy the second prong of *Strickland*, a defendant asserting ineffective

assistance of counsel must also affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S .Ct. 1376, 1384 (2012) (citing *Missouri v. Frye*, 132 S. Ct. 1399, 1407−08 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010); and *Hill v. Lockhart*, 474 U.S. 52 (1985)). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Lafler*, 132 S. Ct. at 1384 (citations and quotation marks omitted)

In the context of guilty pleas, the prejudice prong of *Strickland* requires a petitioner to show that his attorney's constitutionally ineffective performance "affected the outcome of the plea process. In other words . . . there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Frye*, 132 S. Ct. at 1410 (noting that *Strickland's* inquiry, as applied to advice with respect to plea bargains, turns on whether the result of the proceeding would have been different).

## Analysis

### Petitioner's claim of ineffective assistance of counsel fails because he cannot meet *Strickland*'s prejudice prong.

Petitioner argues that his counsel rendered ineffective assistance by advising Petitioner to plead guilty to three counts of second-degree CSP when Petitioner was actually guilty of first-degree CSP. [Doc. 1] at 3. Petitioner states that his counsel "negotiated an erroneous plea deal

and advised [Petitioner] to accept a plea deal that was misleading and incorrect . . . when clearly the victim of his crime was a child of age of eight (8) years old, not between the age of 13–18." *Id.* Put another way, Petitioner argues that because his victim was eight years old, his sentence should be vacated because he actually committed first-degree CSP, rather than second-degree CSP.

Petitioner's claim fails because he cannot show that he was prejudiced by his counsel's performance.[2] He has failed to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In fact, Petitioner does not even allege that he would have gone to trial if not for the "error" of counsel.

Even if Petitioner had made such an allegation, however, his claim would still fail. As charged, Petitioner faced a possible sentence of 54 years' incarceration. By securing a plea deal that allowed Petitioner to plead guilty to three counts of second-degree CSP with the sentences to run concurrently, counsel ensured that Petitioner would be sentenced to at most, 15 years.[3] Petitioner does not allege innocence in his Petition but freely admits to "his crime." [Doc. 1] at 3. Petitioner's argument that he was somehow prejudiced by his attorney's advice to take a plea deal that shielded him from more serious charges, a risky trial, and a significantly longer

---

[2] The Court is not finding that Petitioner's counsel's performance was deficient under *Strickland*'s performance prong. However, it need not analyze the performance prong, as Petitioner has so clearly failed to meet the prejudice prong. *Strickland* at 697. ("[T]he Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs.").

[3] As Respondent points out, "the alternative [to the plea deal] would have been for [Petitioner] to take his chances at trial and face a maximum 54-year term of imprisonment if convicted on three counts of first-degree criminal sexual penetration." [Doc. 6] at 9.

prison term, is specious. Because Petitioner has failed to show that his counsel was ineffective under *Strickland*, I recommend denying his claim.

### Other Claims

Petitioner makes several additional statements that could, if construed liberally, be interpreted as asserting violations of additional constitutional rights. *See* [Doc. 1] at 4 ("the information given [to the court] by the District Attorney was false and misleading"); *id*. at 5 ("the sentencing court illustrated bias against [Petitioner] by allowing the state to misrepresent the facts which the court knew or should have known to be false."); *id*. at 6. ("A conviction based on a record lacking any relevant evidence as to a crucial element of the offense charged violates due process.").

To the extent Petitioner intended to state claims other than ineffective assistance of counsel, I recommend denying these claims as patently frivolous. His entire Petition relates to his plea deal, and as discussed above, Petitioner has failed to show that he was prejudiced by the execution of that deal.

### Petitioner's request for an evidentiary hearing should be denied.

Petitioner requests "an Evidentiary Hearing for proper review." [Doc. 1] at 7. If the state courts have adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state courts. *Pinholster*, 131 S. Ct. at 1398 (citing § 2254(d)(1)). That is, evidentiary hearings are not permitted in federal court on claims that the state courts decided on their merits. *Id.* at 1398–99; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural,

or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted). The state court has already adjudicated his claims on their merits. *See* [Doc. 6-1] at 45 (order from the Eleventh Judicial District of New Mexico dismissing Petition for Writ of Habeas Corpus because "identifying the victim as an older child saved the Petitioner from first-degree felony convictions and does not indicate the ineffective assistance of counsel.") *and id*. at 74 (order from Supreme Court of New Mexico dismissing petition for writ of certiorari). Thus, an evidentiary hearing is not permitted at this stage.

Even if the Court took the position that Petitioner's claim had not been adjudicated on the merits by the state courts, an evidentiary hearing would be of no use. "An evidentiary hearing is unnecessary where the allegations, as alleged by petitioner, do not state a claim for which habeas relief may be granted." Brian R. Means, Federal Habeas Manual, 48 (Thomson Reuters 2015) (citing *Richardson v. Penn. Bd. of Probation & Parole*, 423 F.3d 282, 293 (3d Cir. 2005); *Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). The facts alleged by Petitioner do not state a claim on which relief can be granted; thus, an evidentiary hearing would be futile.

### Petitioner's request for appointment of counsel should be denied.

Petitioner asks the Court to appoint an attorney for him. [Doc. 1] at 7 ("Petitioner asks that the Court . . . appoint counsel because Petitioner is without funds or means to hire an Attorney."). There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint of counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir.

1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). Considering the above factors, the Court recommends denying Petitioner's request for appointment of counsel.

### Conclusion and Recommended Disposition

For the reasons set for herein, I respectfully recommend that the Petition [Doc. 1] be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**. I further recommend that Petitioner's request for an evidentiary hearing, *id*. at 7, and his request for appointment of counsel, *id*., be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**