IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**IRVIN SALTWATER,**

    **Petitioner,**

**v.**                                                            **No. 16-cv-0549 MCA/SMV**

**RICHARD MARTINEZ,**

    **Respondent.**

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 7] ("PFRD"), filed August 12, 2016. On reference by the undersigned, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found that Petitioner's claim of ineffective assistance of counsel failed because he could not show that he was prejudiced by the alleged error of his counsel. *Id*. at 7. He therefore recommended denying the Petition [Doc. 1] and dismissing all of Petitioner's claims with prejudice. [Doc. 7] at 11. He further recommended denying Petitioner's request for an evidentiary hearing and his request for appointment of counsel. *Id*. Petitioner filed objections to the PFRD. [Doc. 9]. The Court, being fully advised in the premises, will overrule the objections, adopt the PFRD, deny the Petition, deny Petitioner's request for counsel and for an evidentiary hearing, and dismiss the action with prejudice.

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to

preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner argued that his counsel rendered ineffective assistance by advising him to plead guilty to three counts of second-degree criminal sexual penetration ("CSP") when Petitioner was actually guilty of first-degree CSP. [Doc. 1] at 3. Petitioner stated that his counsel "negotiated an erroneous plea deal and advised [Petitioner] to accept a plea deal that was misleading and incorrect . . . when clearly the victim of his crime was a child of age of eight (8) years old, not between the age of 13–18." *Id*. Put another way, Petitioner argued that because his victim was eight years old, his sentence should be vacated because he actually committed first-degree CSP, rather than second-degree CSP.

The Magistrate Judge found that Petitioner's claim of ineffective assistance of counsel failed because Petitioner could not meet *Strickland*'s prejudice prong. [Doc. 7] at 8. He noted that Petitioner failed to allege that he would have gone to trial if not for counsel's "error." *Id*. Additionally, he found that Petitioner's argument that he was somehow prejudiced by his attorney's advice to take a plea deal that shielded him from more serious charges, a risky trial, and a significantly longer prison term, was untenable. *Id*. Because Petitioner failed to meet *Strickland*'s test for ineffective assistance of counsel, the Magistrate Judge recommended denying his Petition. *Id*. at 8–9.

Petitioner does not object to a particular portion of PFRD. Instead, he merely restates his request for appointment of counsel and an evidentiary hearing. [Doc. 9] at 1–2. He does not say why he disagrees with the Magistrate Judge's finding that he was not prejudiced by his trial

counsel's alleged errors. Nor does he say why he disagrees with the Magistrate Judge's recommendation to deny his requests for counsel and for an evidentiary hearing.

On de novo review, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to counsel. Petitioner has not "convince[d] the [C]ourt that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also agrees that Plaintiff is not entitled to an evidentiary hearing. Such a hearing is "unnecessary where the allegations, as alleged by petitioner, do not state a claim for which habeas relief may be granted." Brian R. Means, Federal Habeas Manual, 48 (Thomson Reuters 2015) (citing *Richardson v. Penn. Bd. of Probation & Parole*, 423 F.3d 282, 293 (3d Cir. 2005); R*uiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). Because Petitioner has not stated a claim upon which habeas relief may be granted, he is not entitled to an evidentiary hearing.

**IT IS THEREFORE ORDERED THAT** Petitioner's objections [Doc. 9] are OVERRULED, the Magistrate Judge's PFRD [Doc. 7] is ADOPTED, the Petition [Doc. 1] is DENIED, Petitioner's requests for counsel and for an evidentiary hearing, *id*., are DENIED, and this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**